**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  1:05CR327** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge John M. Manos** |
| | ) | |
| **TODD COLEMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | **MEMORANDUM OF OPINION** |

On July 8, 2005, Todd Coleman, Defendant, was arraigned.  (Docket No. 12.)  The Court ordered pretrial detention.  On July 11, 2005, he filed a motion requesting a detention hearing, (Docket No. 6.), which was held on July 13, 2005.  For the following reasons, the motion for pretrial release is **DENIED**.  The Defendant shall remain in custody.

## I.  BACKGROUND

On July 07, 2005, an indictment was filed under seal charging the Defendant with one (1) count of conspiracy to possess with intent to distribute cocaine and cocaine base (crack) in violation of 21 U.S.C. § 846; and twenty-four (24) counts of using a communication facility to facilitate the commission of a drug trafficking offense in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

The Government moved for pretrial detention, and on July 13, 2005, the Court held a hearing. According to the Government, at various residences used by the Defendant, he had in his possession, several grams of cocaine, drug paraphernalia, several thousands dollars in cash, and two firearms. He is considered a key person in the present drug conspiracy and one of the biggest drug traffickers in Lorain County. Indeed, in this case alone, the Government has intercepted 438 recorded drug-related conversations. (Tr. at 16-17.)

Pretrial services represented to the Court that the Defendant "comes and goes" at these various residences. (Tr. at 18.) Also, their report indicates that he has a criminal record that includes alcohol abuse, domestic violence, and a pending possession of marijuana offense that arises out of the same facts in this case.

The Defendant responds that he has significant ties to the community and that his criminal history only involves traffic offenses and misdemeanors. (Tr. at 17-18.)

## II.  LAW AND ANALYSIS

A Court shall order detention if it finds that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community. 18 U.S.C. § 3142(e). Either risk of flight or danger can be the basis for detention. United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). The United States must prove risk of danger by clear and convincing evidence, and risk of flight by preponderance of the evidence. United States v. Chimurenga, 760 F.2d 400, 405 (2d. Cir. 1985).

When making a determination on detention, the Court considers (1) the nature of the offense, including whether it involves a narcotic drug, (2) the weight of the evidence, (3) the history and

-2-

characteristics of the defendant, and (4) the nature and seriousness of the danger to the community. 18 U.S.C. § 3142(g). The third factor includes whether the current offense was committed while the defendant was on probation or parole. 18 U.S.C. § 3142(g)(3)(B). The rules of evidence for trial do not apply when considering detention. 18 U.S.C. § 3142(f).

The Court concludes that the Government has met its burden of demonstrating that the Defendant represents a danger to the community and a risk of flight. First, the nature of the offense is very serious as it involves narcotic drugs. Second, the evidence against the Defendant is very strong. The Government has intercepted 448 drug-related phone conversations and found, in the Defendant's possession, two firearms, large amounts of cash and drugs, and drug paraphernalia. Third, the Defendant has a criminal background involving alcohol abuse and domestic violence. Finally, the evidence suggests that the Defendant is a serious armed drug trafficker and poses a serious threat to the community. Although he does have some family ties to the community, the pretrial services report indicates that the Defendant is "in and out" of several residences and does not even know the address of his alleged permanent residence.

### III.   CONCLUSION

For the foregoing reasons, the motion for pretrial release is **DENIED**. The pretrial detention order shall remain in effect.

**IT IS SO ORDERED**

**Date: August 4, 2005**              */s/ John M. Manos*

-3-

**UNITED STATES DISTRICT JUDGE**